United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY WAYNE HENRY,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>ATTORNEY GENERAL LOCKYER,<br><br>　　　　Respondent. | No. C 03-04259 JW (PR)<br><br>ORDER TO SHOW CAUSE |

Petitioner, a state prisoner, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because the petition was mixed, i.e., containing both exhausted and unexhausted claims, petitioner was given leave to amend to allege only exhausted claims. At the Court's order, petitioner filed an amended petition containing only exhausted claims. The petition is now before the Court for initial review. Petitioner has paid the filing fee.

///

///

Order to Show Cause
N:\Pro - Se\6.13.2007\03-04259 Henry4259_osc.wpd

## BACKGROUND

According to the petition, petitioner was convicted by a jury in Superior Court for the State of California in and for the County of Santa Cruz of two counts of willfully disturbing the peace (Cal. Penal Code § 415(2)[1]), entering land with the intention of interfering with a lawful business (§ 602, subd.(J)), and interfering with a lawful business (§ 602.1). Petitioner received a conditional sentence for three years requiring him to stay away from the Rancho Del Mar Shopping Center. Petitioner appealed his conviction. He filed a writ of mandamus with the state appellate court which was denied on June 30, 2003. The state supreme court denied the petition for review on August 13, 2003. Petitioner filed a federal habeas petition on September 18, 2003, and then the instant amended petition on September 15, 2004.

## DISCUSSION

A.   Standard of Review

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

///

---

[1] All future statutory references are to the California Penal Code unless otherwise noted.

B.  <u>Legal Claims</u>

Petitioner alleges that there was insufficient evidence to support his conviction under § 602.1 and § 602, subd.(J) in violation of due process. Liberally construed, petitioner's claims appear cognizable under § 2254 and merit an answer from respondent.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.  The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2.  Respondent shall file with the court and serve on petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty (30) days** of his receipt of the answer.

3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-

opposition within **thirty (30) days** of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within **fifteen (15) days** of receipt of any opposition.

4. It is petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

DATED:    June 13 2007

JAMES WARE
United States District Judge