IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY WAYNE HENRY, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> BILL LOCKYER, Warden, ) <br> ) <br> Respondent. ) <br> ) | No. C 03-04259 JW (PR) <br><br> ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS |

Petitioner, a California prisoner proceeding pro so, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner was granted leave to file an amended petition, in which he claims there was insufficient evidence to support his misdemeanor convictions for obstructing a business. After reviewing the amended petition, the Court ordered respondent to show cause why a writ of habeas corpus should not be granted. Respondent has filed an answer, along with a supporting memorandum and exhibits, and petitioner has filed a traverse along with supporting documents.

**BACKGROUND**

On October 11, 1999, petitioner stood by his car in the parking lot of the Rancho Del Mar Shopping Center in Aptos, California, near the entrance to Gottschalks department store. At 20 or 30 minute intervals, petitioner screamed at the manager and

Order Denying Petition for Writ of Habeas Corpus
G:\PRO-SE\SJ.JW\HC.03\Henry04259_deny.wpd

the customers of the store from his car or from the sidewalk in front of the store, at times peering into the store's windows. Among the things witnesses describing him saying were: "I'm not a nigger," "Gottschalks guru," and "Why won't they let me in?" One customer testified that when she arrived at Gottshalks, petitioner screamed at her, "Don't shop there," and she became scared and ran into the store. Another witness described petitioner walking up and down in front of the store and saying to another customer: "Here comes a young lady going into the store and she's going to be sorry." During the course of this activity by petitioner, customers inside the store put down clothes and other items and left the store. These customers reportedly said and such things as: "I'm not shopping here," and "Do I have to go by this person getting out of the store?" A deputy sheriff ultimately arrived, and after petitioner refused to leave and continued yelling, the deputy arrested petitioner.

Four days later, on October 15, petitioner returned to the parking lot in front of Gottschalks, where he resumed his screaming at customers inside the store and at other customers as they went into the store to shop. Again, the customers became upset and complained to the manager. Eventually, a deputy sheriff returned and took petitioner into custody.

On June 30, 2000, a jury in Santa Cruz County Superior Court convicted petitioner of two counts of disturbing the peace (Cal. Pen. Code § 415(2)), one count of obstructing or intimidating a business operator or customer (Cal. Pen. Codes §. 602.1(a)), and trespass with intent to obstruct a business (Cal. Pen. Code § 602(j)[1]). The trial court sentenced petitioner to 36 months of probation. The Appellate Division of the Santa Cruz County Superior Court reversed the convictions for disturbing the peace, but affirmed the other two convictions and the sentence. A petition for a writ of mandate to the California Court of Appeal was denied, and the Supreme Court of California denied review.

---

[1] This section is now codified at Cal. Pen. Code § 602(k).

Order Denying Petition for Writ of Habeas Corpus
G:\PRO-SE\SJ.JW\HC.03\Henry04259_deny.wpd          2

**DISCUSSION**

A.   Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The writ may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

"[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

The only definitive source of clearly established federal law under 28 U.S.C. §

2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. <u>Williams</u>, 529 U.S. at 412; <u>Clark v. Murphy</u>, 331 F.3d 1062, 1069 (9th Cir. 2003). While circuit law may be "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court precedent, only the Supreme Court's holdings are binding on the state courts and only those holdings need be "reasonably" applied. <u>Id.</u>

Even if the state court decision was either contrary to or an unreasonable application of clearly established federal law, within the meaning of AEDPA, habeas relief is still only warranted if the constitutional error at issue had a "'substantial and injurious effect or influence in determining the jury's verdict.'" <u>Penry v. Johnson</u>, 532 U.S. 782, 796 (2001) (quoting <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 638 (1993)).

Lastly, a federal habeas court may grant the writ it if concludes that the state court's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The court must presume correct any determination of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

B.   <u>Claims and Analysis</u>

Petitioner claims there was insufficient evidence to support his convictions under California Penal Code §§ 602.1(a) and 602(j)[2] because the evidence indicated that petitioner did not enter the store, but that he instead remained in the parking lot and on the sidewalk outside.

The Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." <u>In re Winship</u>, 397 U.S. 358, 364 (1970). A state prisoner who

---

[2] All further statutory references are to the California Penal Code, unless otherwise noted.

Order Denying Petition for Writ of Habeas Corpus
G:\PRO-SE\SJ.JW\HC.03\Henry04259_deny.wpd                 4

alleges that the evidence in support of his state conviction cannot fairly be characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt therefore states a constitutional claim, see Jackson v. Virginia, 443 U.S. 307, 321 (1979), which, if proven, entitles him to federal habeas relief, see id. at 324.  A federal court reviewing collaterally a state court conviction does not determine whether that court itself is satisfied that the evidence established guilt beyond a reasonable doubt. Payne v. Borg, 982 F.2d 335, 338 (9th Cir. 1992).  Rather, the federal court "determines only whether, 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  See id. (quoting Jackson, 443 U.S. at 319).  Only if no rational trier of fact could have found proof of guilt beyond a reasonable doubt, may the writ be granted.  See Jackson, 443 U.S. at 324.  The Jackson standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law. Id. at 324 n.16.

California Penal Code § 602(j) (now § 602(k)) provides, in relevant part: Entering any lands, whether unenclosed or enclosed by fence . . . with the intention of interfering with, obstructing or injuring any lawful business or occupation carried on by the owner of the land, the owner's agent or by the person in lawful possession.  California Penal Code § 602.1(a) provides that a person commits a misdemeanor if he or she "intentionally interferes with any lawful business or occupation . . . by obstructing or intimidating those attempting to carry on business, or their customers, and who refuses to leave the premises of the business establishment after being requested to leave."

Petitioner contends that the term "lands" in § 602(j), and the term "premises of the business establishment" in § 602.1(a), do not encompass the sidewalk and parking lot outside the store, but only the inside of the store.  As there was no evidence he entered the store, petitioner argues, there was insufficient evidence to support his convictions under

Order Denying Petition for Writ of Habeas Corpus
G:\PRO-SE\SJ.JW\HC.03\Henry04259_deny.wpd           5

§§ 602(j) and 602.1(a). Petitioner advanced this argument as the sole basis for both the petition for a writ of mandate to the California Supreme Court and the direct appeal to the California Court of Appeal. As it was undisputed that petitioner never entered the store, the state courts' rejection of petitioner's claim that the evidence did not support his convictions necessarily included a finding by the state courts that, as a matter of California law, §§ 602.1(a) and 602(j) do not require entry inside the store. Rather, such statutes also prohibit, as the evidence indicated in this case, the obstruction or interference with business activity from the sidewalk or parking lot outside the store. This determination of state law by the state courts is binding in a federal habeas action. See Hicks v. Feiock, 485 U.S. 624, 629 (1988). As this Court cannot revisit the California courts' determination that Cal. Pen. Code §§ 602.1(a) and 602(j) does not require the defendant to be inside the store or business, petitioner cannot obtain habeas relief based on his contrary interpretation of state law.

In his traverse, petitioner also argues that "there was insufficient evidence on establishing intent, and there was no physical obstruction." There was in fact substantial evidence of intent: petitioner told entering customers not to enter the store and that if they did they would be "sorry," petitioner on two occasions yelled disparaging facts about the store from the parking lot and sidewalk outside the store, and petitioner refused to leave when asked to do so by the police. A rational juror could reasonably find that such evidence showed, beyond a reasonable doubt, that petitioner intended to obstruct or interfere with the store's business. Although there was no evidence of physical obstruction, nothing in the language of the statutes require the obstruction to be physical, and petitioner cites no authority that such a requirement should be read into the statute's plain meaning. Both statutes prohibit "interfering with" business activity, and § 602.1(a) includes "intimidating" customers, neither of which necessarily involves physical obstruction. There was evidence that customers in the store put down items and left the

store because of petitioner's conduct, and that petitioner scared one customer when he told her not to shop at the store. From this evidence a rational juror could find beyond a reasonable doubt that petitioner had interfered with the store's business activity and had intimidated customers.

Accordingly, petitioner's claim that there was insufficient evidence to support his convictions fails.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED. The Clerk shall close the file.

DATED: November 29, 2007

JAMES WARE
United States District Judge

Order Denying Petition for Writ of Habeas Corpus
G:\PRO-SE\SJ.JW\HC.03\Henry04259_deny.wpd        7